PER CURIAM:
Claimant, Danny Jordan, seeks an award of $4,448.18 from the Division of Highways for property damage and work loss sustained by an automobile accident which took place on December 21,1992, at approximately 7:00 a.m. on the 5100 block of State Route 2, near Huntington, Cabell County. The claimant alleges that the respondent was negligent in failing to apply salt to the surface of the road during rush hour traffic.
From the evidence at the hearing on September 15,1993, it appears that the claimant was driving his vehicle, a 1982 Cadillac, approximately 50 miles per hour north on Route 2 on his way to work at Point Pleasant when he noticed a disabled vehicle in his lane of traffic. It was dark outside and there were no street lights. The disabled vehicle had no headlights or tail lights turned on. The claimant applied his brakes, but his vehicle slid on a patch of ice that was caused by a stream of water running over the surface of the road. His vehicle then collided with the parked and disabled vehicle and proceeded to bounce off and hit a second vehicle. The front end of the claimant’s vehicle was damaged and he had it towed to a storage facility. The claimant is seeking compensation in the amount of $4,448.18 for damage to his vehicle, the cost of storing his vehicle, and work loss of one day.
According to the testimony of Kari Queen, loss control specialist employed by the West Virginia American Water Company, there was a water main break in the 5100 block of Route *42 2 on the morning of the accident which caused the patches of ice. She stated that it is the responsibility of the West Virginia American Water Company to maintain the water line. The water company was notified of the break at 6:20 a.m., but the supervisor was unable to investigate the situation before the accident occurred. She also testified that to her knowledge, the respondent was not notified of the main break.
This Court finds, after reviewing the record, that the respondent had no actual or constructive notice of the defective condition of the road surface, and that the maintenance of the broken water line was not the responsibility of the respondent. Therefore, the claimant has failed to establish negligence on the part of the respondent by a preponderance of the evidence. Accordingly, this claim must be denied.
Claim disallowed.